IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|                        |   |                     |
|------------------------|---|---------------------|
| VARIOUS PLAINTIFFS     | : | CONSOLIDATED UNDER  |
|                        | : | MDL 875             |
|                        | : |                     |
|   v.                   | : |                     |
|                        | : | CIVIL ACTION        |
| VARIOUS DEFENDANTS     | : | NO. 09-MC-103       |
| ("Oil Field Cases")    | : |                     |
|                        | : |                     |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          DECEMBER 10, 2009

The instant motion to remand was filed on behalf of 444 plaintiffs ("plaintiffs") arguing that this Court must remand their actions to Mississippi state court for lack of subject matter jurisdiction. Defendants[1] have filed timely responses. For the reasons set forth herein, plaintiffs' motion to remand will be granted in part and denied in part.


I. BACKGROUND

These cases originated in Mississippi state court and were removed to federal court by defendants Union Carbide and ConocoPhillips. The basis for removal was the allegedly fraudulent joinder of two non-diverse defendants, Oilfield Service & Supply, Inc. ("Oilfield Service") and Mississippi Mud., Inc. ("Mississippi Mud"). In addition, twenty-five of these

---

[1]    Union Carbide Corp. filed a response in opposition to this motion to remand, which was joined by co-defendants ConocoPhillips and Montello, Inc. Oilfield Service & Supply, Inc. filed an individual response opposing the motion.

cases were removed under the theory that plaintiffs were entitled to assert federal jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA").

After removal, plaintiffs filed motions to remand, on the same grounds considered here, in the Southern District of Mississippi. After considering these motions, United States District Judge Walter Gex remanded five of these cases to Mississippi state court. Before Judge Gex was able to rule on the remaining motions, the cases were transferred to the Eastern District of Pennsylvania and consolidated as part of MDL-875 by the Judicial Panel on Multidistrict Litigation. The remand motions remaining on the docket at the time of the consolidation with MDL-875 were denied by the MDL court without prejudice. (MDL-875 Administrative Order no. 11 at 3, doc no. 5936, 01-md-875.) Plaintiffs have renewed their request for remand in the 444 cases and this renewed motions is now before the Court.

Based on their procedural histories, these cases fall into three categories. Plaintiffs' motion to remand will be considered under the facts of each category individually.

a.) Category 1: This category consists of 354 plaintiffs whose cases were initiated in 2004. Originally filed as a multi-plaintiff action, these plaintiffs had their cases severed into individual actions in Mississippi state court in 2006. After severance, each plaintiff filed an individual

amended complaint.  Defendants subsequently removed these cases as a group to federal court on Sept. 26, 2008.  (Defs.' Notice of Removal Ex. "D", doc. no. 58, 09-mc-103.)  The basis for removal in these cases is the alleged fraudulent joinder of non-diverse parties Oilfield Service and Mississippi Mud.

b.) Category II: This category consists of 65 cases which were filed in 2004, but were dismissed in Mississippi state court because they were filed in an improper venue.  Plaintiffs re-filed these cases on Sept. 28, 2007, and defendants removed these cases as a group to federal court on Sept. 26, 2008, within one year of the date of re-filing.  (Defs.' Notice of Removal Ex. "D", doc. no. 58, 09-mc-103.)  As in Category I, the basis for removal in these cases is the alleged fraudulent joinder of non-diverse parties Oilfield Service and Mississippi Mud.

c.)  Category III: This category consists of 25 cases which were removed based on federal question jurisdiction.  The defendants aver that plaintiffs' claims are governed by OCSLA.  As an alternative basis of federal jurisdiction, defendants also assert the fraudulent joinder of Oilfield Service and Mississippi Mud.

After removal, the cases in all three categories were grouped by the Court for settlement purposes, pursuant to MDL-875

procedures.[2]  See MDL-875 Website, Settlement Conference

Procedures, available at www.paed.uscourts.gov/mdl875.asp.  After

attending several settlement conferences with defendants and

Magistrate Judge Strawbridge, plaintiffs filed the instant motion

to remand.

II.  LEGAL STANDARD

         A district court considering a motion to remand "must

focus on the plaintiff's complaint at the time the petition for

removal was filed . . . [and] must assume as true all factual

allegations of the complaint."  In re Briscoe, 448 F.3d 201, 218

(3d Cir. 2006).  The "party who urges jurisdiction on a federal

court bears the burden of proving that jurisdiction exists . . ."

_____

         [2]    Defendants, in their response, note that the Court has
discouraged the filing of mass motions that apply to many
plaintiffs in MDL-875.  While this point is noted, plaintiffs
affected by the instant motion have been referred to Magistrate
Judge David R. Strawbridge as a group.  Additionally, each of the
plaintiffs in each of the four categories is identified by name
in exhibit "A" of the motion to remand.  Denying plaintiffs'
motion on the grounds of MDL-875 policy would simply result in
the filing of an identical motion in each of 444 cases.
         The defendants' argument takes the Court's policy too
far in this instance.  Previous opinions of the Court have
discouraged motions attempting to change case-wide policy (i.e.,
mass dismissals for failure to comply with administrative orders
or mass remands because the MDL is "not working").  See In re
Asbestos Prods. Liab. Litig., 614 F.Supp.2d 550, 554 (E.D. Pa.
2009); In re Asbestos Prods. Liab. Litig., 254 F.R.D. 266, 268
(E.D. Pa. 2008).  The instant motion is based on fairly specific
facts with regard to a discrete set of plaintiffs.  The
plaintiffs are represented by one law firm and fall neatly into
three categories.  The utility of dealing with these cases as one
group outweighs the policy considerations of an overly strict
"one-plaintiff, one-motion" program.

Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990);
see also Steel Valley Auth. v. Union Switch & Signal Div., 809
F.2d 1006, 1010 (3d Cir. 1987), cert. dismissed sub nom. American
Standard v. Steel Valley Auth., 484 U.S. 1021 (1988) ("It remains
the defendant's burden to show the existence and continuance of
federal jurisdiction.").  Because the removal of an action from
the state court to a federal forum implicates comity and
federalism, it is said that "removal statutes are to be strictly
construed against removal and all doubts should be resolved in
favor of remand."  Steel Valley Auth., 809 F.2d at 1010 (citing
Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir.
1985)); accord Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996);
Boyer, 913 F.2d at 111.

The practical application of this "all doubts" standard
is to place upon a defendant "a heavy burden of persuasion"  when
contending that a non-diverse party has been fraudulently joined.
Boyer, 913 F.2d at 111.  To prevail, the removing party must show
that there is "no reasonable basis in fact or colorable ground
supporting the claim against the joined defendant, or no real
intention in good faith to prosecute the action against the
defendants . . . "  In re Briscoe, 448 F.3d at 218.

Title 28 U.S.C. § 1446(b) governs the timing of
removal, specifying that "a case may not be removed on the basis
of jurisdiction conferred by section 1332 of this title more than

5

1 year after commencement of the action." Additionally, "notice
of removal of a civil action . . . shall be filed within thirty
days after the receipt by the defendant . . . of the initial
pleading setting forth the claim for relief . . . ." 28 U.S.C. §
1446(b). Where it is not evident from the initial pleading
whether the case is removable, "a notice of removal may be filed
within thirty days after receipt by the defendant . . . of an
amended pleading, motion, order or other paper from which it may
first be ascertained that the case is one which is or has become
removable . . ." Id.

III. APPLICABLE LAW

As the MDL transferee court, the Court must first
determine which jurisdiction's law to apply to the substantive
and procedural issues in these cases.

A. Procedural Law

On matters of procedure, the transferee court must
apply federal law as interpreted by the court of the district
where the transferee court sits. See In re Diet Drugs Prods.
Liab. Litig., 294 F.Supp.2d 667, 672 (E.D. Pa. 2003). Issues
involving the timeliness of remand implicate federal procedural
law. See In re Avandia Mktg., Sales Practices and Prods. Liab.
Litig., 624 F.Supp.2d 396, 408-9 n.15 (E.D. Pa. 2009).

As noted above, after the cases were removed to federal

court but before they were consolidated into MDL-875, the plaintiffs filed motions to remand in 449 individual cases. Judge Gex of the Southern District of Mississippi, in the only rulings that were made prior to the transfer to MDL-875, granted five of these motions. The remaining motions were pending upon transfer to the Eastern District of Pennsylvania and consolidation under MDL-875. As to the five motions ruled on by Judge Gex, "there is nothing in the text [of § 1407] that authorizes a transferee judge to vacate or modify an order of a transferor judge," In re Pharmacy Benefit Managers Antitrust Litig., Civ. No. 07-1151, – F.3d –, 2009 WL 3030370, at *6 (3d Cir. Sept. 24, 2009), unless it is warranted after application of law of the case principles. Id. at *7; see also, In re Ford Motor Co., 580 F.3d 308, 312 (5th Cir. Aug. 21, 2009). Under the circumstances of this case, the orders entered by Judge Gex on any motions to remand are binding on this Court.

There were, however, 444 motions to remand pending, but not yet acted upon by Judge Gex at the time the cases were transferred and consolidated under MDL-875. As described above, these motions were denied without prejudice after being transferred to the Eastern District of Pennsylvania, but have been renewed and are now before the Court. As to these cases, the Court will "adjudicate [these] transferred cases no differently than cases originally filed before it." In re Korean

<u>Air Lines Disaster</u>, 829 F.2d 1171, 1178 (D.C. Cir. 1987).

Therefore, as to the pending motion to remand, the Court will apply federal procedural law, as interpreted by the Third Circuit, the circuit where the transferee court sits.

B. <u>Substantive Law</u>

In applying substantive law, the transferee court must distinguish between matters of federal and state law. In matters requiring the interpretation of the Constitution, a federal law or a federal rule of procedure, a transferee court applies the law of the circuit where it sits. Therefore, in cases where jurisdiction is based on federal question, this Court, as the transferee court, will apply federal law as interpreted by the Third Circuit.[3]

In matters where the Court has jurisdiction under 28 U.S.C. § 1332 based upon diversity of citizenship, the transferee court applies state substantive law as determined by the choice

―――――――――――

[3]    <u>See</u>, <u>e.g.</u>, <u>In re New England Mut. Life Ins. Co. Sales Practices Litig.</u>, 324 F.Supp.2d 288, 297 (D. Mass. 2004) ("In the ordinary course, questions of federal law in MDL-transferred cases are governed by the law of the transferee circuit."); <u>In re Nat'l Century Fin. Enters., Inc., Inv. Litig.</u> 323 F.Supp.2d 861, 876 (S.D. Ohio 2004) ("Thus, the rule in multidistrict litigation is that the transferee court, in interpreting federal law, should apply the law of its own circuit rather than the law of the transferor court's circuit"); <u>In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.</u>, No. 1:00-1898, 2005 WL 106936, at *5 (S.D.N.Y. Jan. 18, 2005) (holding that in interpreting and applying "the federal constitution, any federal statute, or the Federal Rules of Civil Procedure" the court was bound "only by the opinions of the Supreme Court and Second Circuit.").

of law analysis required by the state in which the action was
filed.  Therefore, in the instant cases, this Court will apply
the state substantive law as determined by the choice of law
rules of Mississippi, the state in which the cases were filed.[4]


IV.  DISCUSSION

   A.  <u>Category I</u>

        The Category I cases refer to the 354 plaintiffs who
originally filed their cases in Mississippi state court in 2004,
yet removal was not effected until 2008.  (Pls.' Mot. Remand 1-2,
doc. no. 44, 09-mc-103.)

        Plaintiffs argue that the Category I cases should be
remanded for two reasons.  First, because they were removed
beyond the time limitations on removal found in § 1446(b); and
second because the plaintiffs have valid claims against two non-
diverse defendants, Oilfield Service and Mississippi Mud,
destroying diversity of citizenship and leaving the defendants no
basis for invoking federal jurisdiction. (Pls.' Memo. Supp. Mot.
Remand 15, doc. no. 45, 09-mc-103.)

        In response, the defendants present a two part argument

_____

        [4]   <u>See</u> <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 639 (1967)
(evaluating applicable law after change of venue under 28 U.S.C.
§ 1404(a)); <u>see</u> <u>also</u> <u>In re Dow Sarabond Prods. Liab. Litig.</u>, 666
F.Supp. 1466, 1468 (D. Colo. 1987) (citing <u>In re Agent Orange</u>
<u>Prod. Liab. Litig.</u>, 580 F.Supp. 690, 695 (E.D.N.Y. 1984))
(evaluating applicable law after change of venue under 28 U.S.C.
§ 1407).

against remand. First, they contend that they are entitled to an "equitable exception," allowing for effective removal after one year has passed from the commencement of the action. (Defs.' Resp. in Opp'n to Remand 12, doc. no. 58, 09-mc-103.) The defendants contend that, because the plaintiffs engaged in "forum manipulation," equity requires the Court to allow the removal of these cases. (Id. at 13.) Second, if the Court applies an equitable exception, defendants argue that Oilfield Service and Mississippi Mud are fraudulently joined, and thus, are not proper forum defendants.

    1.  Equitable Exception

Section 1446(b) imposes a strict one year limitation on the length of time that a party has available for removal after the commencement of the action. As described above, the petition for removal in the Category I cases was not filed until more than four years after these cases were originally commenced in state court.[5] (Defs.' Resp. in Opp'n Mot. to Remand at Ex. D, doc. no. 58, 09-mc-103.)

While § 1446(b) does not explicitly detail any

---

[5]     The Court notes that the actions commenced in 2004 were massive multi-plaintiff actions. The Mississippi state court severed these plaintiffs and required each to file amended complaints. Each plaintiff filed an amended complaint in 2006. Even if the Court calculates the one year time period from the date that each amended complaint was filed, the petition for removal was not filed until well after the one year limitation had passed. (Pls.' Mot. Remand 15, doc. no. 44, 09-mc-103.)

exception to the one year limitation, the Third Circuit has held that the one year limit on removal is a procedural bar, not a jurisdictional one. Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 616 (3d Cir. 2003).[6] The practical effect of this holding is to open the door to an examination of equitable considerations in deciding whether to allow exceptions to the one year limitation on removal.

In determining whether the equitable exception applies, courts have looked at the balance of the equities. In balancing the equities, courts have considered three factors: first, how vigorously the plaintiff prosecuted the action in state court; second, whether the defendants were complicit in any delay in removal of the case; and third, whether or not plaintiffs' joining of the non-diverse defendants amounted to "flagrant forum manipulation." See Namey v. Malcolm, 534 F.Supp.2d 494, 498 (M.D. Pa. 2008) (holding that because defendants were partly responsible for the delay in state court, application of an equitable exception was inappropriate); Lee v. Carter-Reed Co., 06-1173, 2006 WL 3511160, at *5 (D.N.J. Dec. 5, 2006) (holding that defendants did not allege facts sufficient to show that plaintiff's conduct amounted to forum manipulation); In re Diet

---

[6]    In support of this holding, the Third Circuit cited to Tedford v. Warner-Lambert Co., 327 F.3d 423, 426-7 (5th Cir. 2003), which is the case most heavily relied on by defendants in support of an equitable exception.

Drugs Prods. Liab. Litig., 03-20376, 2004 WL 1535806 at *4 (E.D. Pa. June 18, 2004) (holding that defendants met the burden of showing fraudulent joinder where there was no possibility for recovery against the in-state defendants).

Balancing the equities in the Category I cases, the first two factors are particularly relevant here. In essence, they ask how diligently the parties pursued the litigation in state court prior to the untimely removal. See Lee, 2006 WL 3511160 at *5; see also Namey, 534 F.Supp.2d at 498.

Arguing in favor of the application of an equitable exception, the defendants contend that they diligently pursued the litigation in state court but were frustrated by plaintiffs' forum manipulation. Defendants claim that they participated in all pretrial fact discovery, but that Oilfield Service was purposely never pursued by plaintiffs in an effort to keep them in the case as a nominal forum defendant. (Defs.' Resp. in Opp'n to Mot. Remand Ex. D, doc. no. 58, 09-mc-103.) As a result, defendants claim that they had no way of uncovering plaintiffs' forum manipulation until Oilfield Service filed a motion for summary judgment. (Id.) Having timely filed their notice of removal within thirty days of receipt of Oilfield Service's summary judgment motion, an "other paper" for purposes of § 1446(b), defendants claim they are entitled to an equitable exception which would allow them to satisfy both of the timing

requirements found in § 1446.  <u>Id.</u> at 16.[7]

Arguing against the application of an equitable exception, plaintiffs counter that while they actively conducted litigation for more than four years in Mississippi state court, defendants were content to let the cases languish.  Plaintiffs submit that they completed individual written fact sheets for each defendant and conducted some eighty-eight depositions. (Pls.' Memo. Supp. of Mot. Remand 21, doc. no. 45, 09-mc-103.) Although plaintiffs never made any attempt to hide the fact that Oilfield Service and Mississippi Mud were the only non-diverse parties to the litigation, defendants never questioned or attempted to investigate the legitimacy of their joinder between 2004 and late 2008.  (<u>Id.</u>)  Plaintiffs further submit that they were continuing to develop this case against all defendants, including Oilfield Service and Mississippi Mud, when the cases were improperly removed to federal court.  (<u>See</u> Pls.' Memo. Supp. of Mot. Remand 20-22, doc. no. 45, 09-mc-103.)

The Court concludes that the defendants were content to let the cases languish in state court, failing to "use all procedural devices available to facilitate compliance with the

_____

[7]    Although the plaintiffs assert that Oilfield Service's motion for summary judgment is not an "other paper" that would trigger the 30 day window for removal in § 1446(b), they do not make the argument in their motion to remand that removal was not effected within the statutorily mandated 30 days.  <u>See</u> (Defs.' Resp. in Opp'n to Remand 16 n.10, doc. no. 58, 09-mc-103.)  The Court, therefore, will treat this issue as uncontested.

one year requirement of § 1446(b)." 534 F.Supp.2d at 498.

First, defendants apparently never sought discovery which would

have established that the two non-diverse defendants were

fraudulently joined. Second, despite the exchange of written

discovery and the taking of numerous depositions, defendants

never examined the basis for liability against the non-diverse

defendants. (Pls.' Memo. Supp. of Mot. Remand 21, doc. no. 45,

09-mc-103.) In fact, in a case where the defendants argue that

Oilfield Service and Mississippi Mud are so clearly absolved from

liability that their joinder constitutes fraud, neither defendant

filed a dispositive motion until August of 2008, four years after

the cases were commenced. Under the circumstances, it is clear

that, at least through lack of diligence, the defendants are

partly responsible for the delay in proceedings in state court.

Namey, 534 F.Supp.2d at 498.

On balance, the defendants have failed to show that the

equities tilt in their favor, and application of an equitable

exception is not appropriate.

### 2. Fraudulent Joinder

Since the Court will not apply an equitable exception

to § 1446(b), an evaluation of whether Oilfield Service and/or

Mississippi Mud are fraudulently joined is not necessary in the

Category I cases.[8]  Therefore, as to the 354 cases in Category I, plaintiffs motion to remand is granted.

B.  <u>Category II</u>

The sixty-five plaintiffs in Category II originally filed their cases in 2004 as part of the same multi-plaintiff action as the plaintiffs in Category I.  (Pls.' Memo. Supp. of Mot. Remand 2, doc. no. 45, 09-mc-103.)  Under Mississippi law, however, these sixty-five plaintiffs were dismissed from the action for improper venue.  (<u>Id.</u>)  These sixty-five cases were then re-filed by plaintiffs in September of 2007, this time in a proper Mississippi venue.  The cases were then removed within the one year time limitation after they were refiled.  (<u>Id.</u>)

As in Category I, removal under § 1332 was based on an allegation of fraudulent joinder of non-diverse parties.  In their motion to remand, the plaintiffs argue that there is no basis for a finding of fraudulent joinder because Oilfield Service and Mississippi Mud are proper forum defendants and plaintiffs have asserted colorable claims against them.

1.  <u>Fraudulent Joinder</u>

Whether a party was fraudulently joined to defeat

_____

[8]  Given that the Court has found that Oilfield Service is not fraudulently joined, <u>see</u> <u>infra</u>, even if the defendants could show diligence, they would be unable to show "flagrant forum manipulation" by plaintiffs.  <u>See</u> <u>Namey</u>, 534 F.Supp.2d at 498; <u>see also</u> <u>Lee</u>, 2006 WL 3511160, at *5.

diversity is a procedural issue.  Because the issue of fraudulent joinder is a procedural issue, it is a matter of federal law as interpreted by the Third Circuit.

Fraudulent joinder may be found on either factual or legal grounds.  In re Avandia, 624 F.Supp.2d at 411.  The Third Circuit test for fraudulent joinder requires a finding that "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."  Abels, 770 F.2d at 32 (quotation omitted).

In assessing the factual basis of a claim, a court may engage in a limited piercing of the pleadings to discover any fraudulent joinder.  Boyer, 913 F.2d at 112.  The extent of a court's inquiry, however, is "less probing than the factual review a district court conducts in deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  In re Avandia, 624 F.Supp.2d at 412 (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992).  Therefore, a court could remand the case to state court even though "the claim against that party [may] ultimately [be] dismissed [by the state court] for failure to state a claim upon which relief may be granted."  In re Briscoe, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 852).

After piercing the pleadings, the federal court must determine that a claim is colorable if it is not "wholly insubstantial or frivolous." Batoff, 977 F.3d at 852. Here, the Court will address each non-diverse defendant in turn to determine whether each was fraudulently joined solely to avoid federal jurisdiction.

2. Mississippi Mud

In opposition to the instant motion to remand, defendants argue that Mississippi Mud was fraudulently joined because they were never properly served, and therefore, they were intended to be a nominal forum defendant joined solely to defeat federal jurisdiction. (Defs.' Memo. in Opp'n to Pls.' Mot. Remand 21, doc. no. 58, 09-mc-103.) Additionally, defendants argue that the plaintiffs failed to pursue the proper successor in interest to Mississippi Mud, which is GEO Drilling Fluids, a diverse entity incorporated in Delaware and with a principal place of business in Connecticut. (Id. at 20.)

Plaintiffs admit that they were unable to timely serve Mississippi Mud, but submit that it was due to confusing public records related to Mississippi Mud's corporate history. (Pls.' Memo. Supp. of Mot. Remand 28, doc. no. 45, 09-mc-103.) Plaintiffs do not address the fact that GEO Drilling Fluids is the proper successor in interest to Mississippi Mud and would be a diverse defendant. Plaintiffs claim that, once they "learned

more about [Mississippi Mud's] corporate history, service was attempted, although it was [attempted] after 120 days." (Id. at 28-9.)

Because service was never effected on Mississippi Mud and never attempted on its successor, plaintiffs have not shown a "real intention in good faith to prosecute the action" against Mississippi Mud or its successor. Abels, 770 F.2d at 32. Therefore, a finding of fraudulent joinder as to Mississippi Mud is appropriate.

### 3. Oilfield Service

Unlike Mississippi Mud, Oilfield Service was timely served by the plaintiffs. In opposing remand, the defendants argue that the Court should find that Oilfield Service was fraudulently joined for three reasons. First, they contend that plaintiffs never made a good faith effort to pursue claims against Oilfield Service because plaintiffs never deposed the corporate representative, never required Oilfield Service to respond to interrogatories, and never required Oilfield Service to respond to written requests for document production. (Defs.' Memo. in Opp'n to Pls.' Mot. Remand 18, doc. no. 58, 09-mc-103.) Second, defendants argue that there is no factual basis for plaintiffs' claims against Oilfield Service because Oilfield Service never sold asbestos containing products. (Id.) Third, defendants claim that even if Oilfield Service did sell asbestos

products, under Mississippi law, Oilfield Service is absolved of liability by the "innocent seller" doctrine. (Id. at 18.) Under this theory, there would be no legal basis for plaintiffs' claims.[9]

> a.  Plaintiffs' Good Faith Effort to Pursue Claims

As to the first issue, the Court must determine whether plaintiffs made a good faith effort to pursue their claims against Oilfield Service in these cases. Plaintiffs state that they conducted fact discovery with witnesses and plaintiffs' co-workers regarding Oilfield Service. (Pls.' Memo. Supp. of Mot. Remand 21, doc. no. 45, 09-mc-103.) Furthermore, plaintiffs engaged in settlement conferences and significant pre-trial litigation in federal court in front of Magistrate Judge David R. Strawbridge. Plaintiffs also responded to motions for summary judgment filed by Oilfield Service both before and after the cases were removed to federal court. (See Pls.' Resp. Mot. Summ. J., doc. no. 67, 09-mc-103.)

Taking all the circumstances together, it appears that plaintiffs have actively conducted litigation against Oilfield Service. Despite the lack of formal discovery requests,

---

[9]  Judge Gex, in the five motions to remand that were ruled on before transfer to the MDL, rejected defendants fraudulent joinder argument. While the instant plaintiffs' cases were not expressly considered by Judge Gex, it is notable that Judge Gex found that Oilfield Service was not fraudulently joined in five similar cases.

plaintiffs have shown that they attempted to develop their claim against Oilfield Service, at least through informal means.  Under these circumstances, defendants have failed to show that the plaintiffs' joinder of Oilfield Service was in bad faith or clearly fraudulent.

b. <u>Factual Basis for Plaintiffs' Claims</u>

As to the second issue, the Court must determine whether there is a factual basis for plaintiffs' claims against Oilfield Service.  On this issue, there are competing affidavits going to the nature of Oilfield Service's asbestos business.  The defendants have produced affidavits of the owners of Oilfield Service, Mr. Robert Stone, Sr. and Mr. Robert Stone, Jr.  These affidavits state that, to their knowledge, Oilfield Service "never operated as a mud company or mud contractor" which would have sold or supplied asbestos containing drilling additives. (Def. Oilfield Service's Memo. in Opp'n to Pls.' Mot. Remand 7, doc. no. 57, 09-mc-103.)  Defendants argue that the Stones' averments negate any factual basis for plaintiffs' claims against Oilfield Service.

In response, the plaintiffs call into question the reliability of these affidavits.  Plaintiffs point out that, during the relevant period of potential exposure for all plaintiffs (1966-1980), Mr. Stone, Sr. was not the manager of Oilfield Service; Frank Stone, his uncle, was.  (Pls.' Memo.

Supp. of Mot. Remand 8-9, doc. no. 45, 09-mc-103.)  Mr. Stone,
Sr. did not take over the day-to-day operations of Oilfield
Service until 1980, and had limited knowledge of the business
before that.  (Id.)  Furthermore, plaintiffs state that Mr.
Stone, Jr. was between the ages of nine and twenty-two during the
relevant time period, and did not even begin full-time work at
Oilfield Service until 1981.  (Id. at 11.)

Plaintiffs also produced the affidavit of John Lee
Brown, who worked for Oilfield Service in 1968 and from 1972-
1974.  (Pls.' Memo. Supp. of Mot. Remand 3, doc. no. 45, 09-mc-
103.)  Mr. Brown avers that Oilfield Service loaded, unloaded and
delivered asbestos-containing products like gaskets, pump
packings, and brakes.  (Id. at 4.)  In refuting the contents of
this affidavit, the defendants point out that Mr. Brown is a
plaintiff in a pending asbestos personal injury action with
Oilfield Service as a defendant. (Def. Oilfield Service's Memo.
in Opp'n to Pls.' Mot. Remand 3, doc. no. 57, 09-mc-103.)

Considering these competing affidavits, the Court finds
that they cancel each other out.  The burden of proving that
there is no factual bass for the plaintiffs' claims remains,
however, with the defendants.  Given that the proofs offered
negate each other, the Court finds that the defendants have
failed to carry the burden of showing that there is no factual
basis for plaintiffs' claims against Oilfield Service.

## c. Legal Basis for Plaintiffs' Claims

As to the third issue, the Court must determine whether, under Mississippi law, there is a legal basis for the claims against Oilfield Service. Under Mississippi products liability law, an "innocent seller" is a company that acts as a mere conduit of a product. Miss. Code Ann. § 11-1-63 (2004).

The plaintiffs in this case assert both failure to warn and design defect claims against numerous defendants in their original complaint. (See Compl. ¶ V.) With regard to Oilfield Service, as a distributor of the allegedly asbestos-containing mud, the most relevant claims are the failure to warn actions. Mississippi's innocent seller doctrine states that in a products liability claim for failure to warn:

> "the manufacturer or seller shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller, the manufacturer or seller knew, or in light of reasonably available knowledge should have known about the danger that caused the damage for which recovery is sought and that the ordinary user or consumer would not realize its dangerous condition."

Miss. Code Ann. § 11-1-63(c)(i) (emphasis added).

Succinctly put, the statute requires the party asserting the defense to show that the manufacturer or seller did not know, and could not have known, about the danger that these asbestos products posed to the consumer. Furthermore, the party asserting the defense must also show that the ordinary consumer

or user of these asbestos products would have known that the products contained asbestos, and that the asbestos could have harmful health effects.

The defendants argue that they are immunized from liability by this statute because they did not have actual or constructive knowledge of the dangers posed by asbestos. (Def. Oilfield Service's Opp'n to Mot. Remand 13, doc. no. 57, 09-mc-103.) Therefore, since they had no knowledge, they could not be responsible for warning the user or consumer, regardless of whether such user knew of the dangers or not. (Id.)

To rebut Oilfield Service's assertions, plaintiffs point to contemporary literature showing that knowledge of the dangerous health effects of asbestos was widespread in the 1970s, and that there are even studies on the health consequences of asbestos dating back to 1898. (Pls.' Resp. Mot. Summ. J. Ex. 9, doc. no. 67, 09-mc-103.) Therefore, plaintiffs argue that a company like Oilfield Service, which was involved in an industry that used asbestos heavily, would have known of the negative health effects posed by asbestos. (Id.)

Furthermore, the plaintiffs rely on this same literature to bolster their argument that the average worker did not know the consequences of asbestos exposure during the relevant time period (1968-1980). (Id.) The plaintiffs further state that they are in the process of gathering more information

about warnings that were placed on any products delivered by Oilfield Service, as well as plaintiffs' general knowledge of the dangers of asbestos.

Relying on this literature and the testimony of Mr. Brown, plaintiffs aver that it is far from clear that Oilfield Service is entitled to the protections of § 11-1-63 of the Mississippi statutes. According to plaintiffs, under the limited inquiry permitted in a fraudulent joinder analysis, they have produced enough evidence to show that plaintiffs' cause of action against Oilfield Service is not "wholly insubstantial or frivolous." See Batoff, 977 F.2d at 852.

The Court agrees with the plaintiffs. The defendants have failed to show that either the factual or legal basis of plaintiffs claims are "wholly insubstantial or frivolous." See Batoff, 977 F.2d at 852. This Court is permitted to make only a very limited inquiry beyond the four corners of the complaint, and must apply a standard more deferential to the plaintiff than the standard used in deciding a motion to dismiss. In re Briscoe, 448 F.3d at 218. Applying this standard, the Court determines that the plaintiffs have put forward enough evidence to demonstrate that there is some factual and legal basis for their claims against Oilfield Service.

Consequently, the Court finds that the cases in Category II include Oilfield Service as a proper forum defendant.

As a result, there is no diversity of citizenship, rendering federal jurisdiction under § 1332 unavailable to defendants. Plaintiffs' motion to remand is granted as to the plaintiffs in Category II.

    C.   <u>Category III</u>

        The twenty-five plaintiffs in Category III were removed based on federal question jurisdiction under OSCLA. In their motion to remand, plaintiffs make two arguments. First, that the only OCSLA-related claims that these plaintiffs have are intertwined with valid Jones Act claims. Therefore, since a Jones Act case that is properly brought in state court is not removable under federal question jurisdiction, these cases must be remanded. (Pls.' Memo. Supp. of Mot. Remand 35, doc. no. 45, 09-mc-103.) Second, plaintiffs contend that the two defendants who originally asserted federal question jurisdiction, Pool Offshore and Nabors, have been dismissed from the case and have withdrawn their removal petitions. (<u>Id.</u>)

        As to plaintiffs' first argument, defendants counter that these workers, who worked on oil rigs, do not have valid Jones Act claims and therefore, the cases fall squarely within the grant of federal jurisdiction found in OCSLA. (Defs.' Memo. in Opp'n to Pls.' Mot. Remand 24, doc. no. 58, 09-mc-103.) Since the cases do not implicate the Jones Act, the grant of federal jurisdiction found in OCSLA entitles defendants to a federal

forum.

As to plaintiffs' second argument, defendants argue that federal question jurisdiction is based on plaintiffs' claims, not the status of any defendant, and therefore the fact that Pool Offshore and Nabors have withdrawn their removal petitions is irrelevant. (Id. at 25.)  Finally, as an alternative basis for federal jurisdiction, defendants state that even if the Court finds that there is no OCSLA federal question jurisdiction in the Category III cases, there is fraudulent joinder of Mississippi Mud and Oilfield Service, entitling the defendants to § 1332 diversity jurisdiction under the arguments above.  (Id. at 25-26.)

### 1. Applicability of Jones Act to Plaintiffs' Claims

The Court agrees with the defendants that OCSLA grants federal jurisdiction over "all cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf."  43 U.S.C. § 1349(b).  OCSLA defines the term "outer Continental Shelf" as "all submerged lands lying seaward and outside of the area of lands beneath navigable waters . . ." 43 U.S.C. § 1301(a).  Whether these oil rigs were involved in operations governed by OCSLA, and whether these operations are governed by the Jones Act, is a

26

matter of federal substantive law. Since there is no Third Circuit precedent on these issues, the Court will look to other circuits for guidance on this issue.

Plaintiffs' claims seem to fall directly within the grant of authority in OCSLA, since they are based on injuries sustained while working on oil rigs – exploring, developing or producing oil in the subsoil and seabed of the continental shelf. See 43 U.S.C. § 1349(b). The Fifth Circuit has held that when a case or controversy arises out of activity that occurred on a rig "affixed" to the Outer Continental Shelf, it is within the proper jurisdiction of the federal courts. Tennessee Gas Pipeline v. Houston Casualty Ins. Co., 87 F.3d 150, 154 (5th Cir. 1996). The oil rigs in question fit within this definition.

Additionally, workers on fixed drilling rigs are not on vessels, and therefore do not fall within the jurisdiction of the Jones Act. D.C. Thompson v. Crown Petroleum Corp., 418 F.2d 239, 240 (5th Cir. 1969). In D.C. Thompson, the Fifth Circuit ruled that "the law is well-settled that a stationary, fixed platform, even though erected in coastal water, is not a vessel, and consequently plaintiff was in no sense of the word a seaman when he was injured." Id. at 240. Therefore, under Fifth Circuit law, which the Court finds persuasive, the activities of these plaintiffs do not qualify them as seamen entitled to the Jones Act protections.

## 2. Dismissal of Original Removing Defendants

The Court also agrees that federal subject matter jurisdiction is not destroyed because both defendants who initiated removal have since been dismissed.  A case arises under federal law if, at the time of removal, the success of the plaintiff's claim depends on the application of federal law.  See Small v. Kansas City Title and Trust, Co., 255 U.S. 180, 199 (1921); see also Bell v. Hood, 327 U.S. 678, 681-2 (1946).

In this case, each defendant consented to the petition for removal filed by Nabors and Pool Offshore. (Defs.' Memo. in Opp'n to Pls.' Mot. Remand 24, doc. no. 58, 09-mc-103.)  Whether fewer than all the removing defendants are no longer in the case makes no difference, so long as one of the remaining defendants opposes the motion to remand.  Therefore, the fact that the removing defendants are no longer parties to the action does not disturb federal jurisdiction over plaintiffs' OCSLA claims in this instance.[10]

---

[10]     See Growth Horizons, Inc. v. Delaware County, 983 F.2d 1277, 1281 (3d Cir. 1993) ("A district court has federal question jurisdiction in any case where a plaintiff with standing makes a non-frivolous allegation that he or she is entitled to relief because the defendant's conduct violated a federal statute."). Therefore, federal subject matter jurisdiction is not based on which parties remain in the case, rather, it is based on the claims asserted by a plaintiff.  Since the claims of the 25 plaintiffs in Category III fall squarely within the grant of jurisdiction conveyed in OCSLA, and the defendants timely opposed plaintiffs' motion to remand, the exercise of federal jurisdiction is appropriate.

This Court finds that plaintiffs' claims properly invoke OCSLA jurisdiction and do not fit within the purview of the Jones Act. Therefore, the motion to remand is denied with respect to the Category III plaintiffs.

V. CONCLUSION

For the reasons stated above, the motion to remand is granted in the cases in Categories I and II. These cases will be remanded to the appropriate Mississippi state court, because the defendants have failed to show that they are entitled to have their claims adjudicated in a federal forum. The motion to remand in the cases in Category III is denied, as federal question jurisdiction, under OCSLA, is appropriate.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | : | CONSOLIDATED UNDER |
| VARIOUS PLAINTIFFS | : | MDL 875 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION |
| VARIOUS DEFENDANTS | : | NO. 09-MC-103 |
| ("Oil Field Cases") | : | |
| | : | |

## O R D E R

**AND NOW**, this **10th** day of **December 2009**, it is hereby

**ORDERED** that plaintiffs' motion to remand (doc. no. 45) is

**GRANTED** in part and **DENIED** in part.  It is **GRANTED** as to the 354

cases in Category I and as to the 65 cases in Category II listed

in Exhibit "B", attached.  It is **DENIED** as to the 25 cases in

Category III, listed in Exhibit "C", attached.


**AND IT IS SO ORDERED.**


            **S/ Eduardo C. Robreno**

                **EDUARDO C. ROBRENO, J.**

| Last Name | First Name | Mississippi District Court County | Mississippi State District Court Cause No. | Pennsylvania Civil Action No. |
|---|---|---|---|---|
| Aaron | Robert E. | Jones | 2006-141-CV3 | 09-cv-63215 |
| Adcock | Winford L. | Smith | 2006-76 | 09-cv-63581 |
| Alexander | Lloyd G. | Smith | 2006-78 | 09-cv-63582 |
| Allen, Sr. | Donald | Jones | 2006-140-CV3 | 09-cv-63217 |
| Allred | Wayne H. | Jones | 2006-135-CV3 | 09-cv-63218 |
| Anderson | Melvin | Jefferson | 2006-18 | 09-cv-63583 |
| Anding | Maxie Ray | Jasper | 16-0027 | 09-cv-63584 |
| Ard | Willie Glean | Jones | 2006-511-CV11 | 09-cv-63220 |
| Arrington | Milton L. | Jasper | 16-0029 | 09-cv-63586 |
| Arrington | J.C. | Jasper | 16-0028 | 09-cv-63585 |
| Aultman | Carlton | Smith | 2006-182 | 09-cv-63587 |
| Baggett | David Wayne | Jasper | 16-0026 | 09-cv-63588 |
| Bailey, Jr. | Lee Owen | Jones | 2006-515-CV11 | 09-cv-63203 |
| Ballard | Jerry D. | Jones | 2006-134-CV3 | 09-cv-63206 |
| Banks | Daniel M. | Jasper | 16-0030 | 09-cv-63589 |
| Banks | Johnny C. | Jones | 2006-144-CV3 | 09-cv-63205 |
| Barnes, Jr. | Tommy E. | Smith | 2006-221 | 09-cv-63590 |
| Beard | Julius R. | Jones | 2006-517-CV11 | 09-cv-63213 |
| Beasley | Earnest | Smith | 2006-104 | 09-cv-63591 |

| | | | | |
|---|---|---|---|---|
| Berry, Individually and as Representative of the Estate of Fred Berry, Deceased | Fredna | Jones | 2006-228-CV3 | 09-cv-63012 |
| Biglan | Terry Lee | Jones | 2006-143-CV3 | 09-cv-63196 |
| Bishop | James Johnny | Jones | 2006-142-CV3 | 09-cv-63191 |
| Boler, Jr. | Cleveland D. | Jones | 2006-373-CV11 | 09-cv-63214 |
| Bond | Louis L. | Smith | 2006-152 | 09-cv-63592 |
| Bounds | George | Jones | 2006-102-CV3 | 09-cv-63194 |
| Boykin | Bobby G. | Smith | 2006-156 | 09-cv-63593 |
| Boyles | Buren Dale | Jefferson | 2006-13 | 09-cv-63595 |
| Boyte | James | Jones | 2006-132-CV3 | 09-cv-63209 |
| Boyte | George W. | Smith | 2006-179 | 09-cv-63596 |
| Brady, Individually and as Representative of the Estate of Willie Douglas Hancock, Deceased | Kelly | Jones | 2006-424-CV11 | 09-cv-63013 |
| Breland | Hiram Jesse | Jones | 2006-495-CV11 | 09-cv-63210 |
| Brewer | Donnie C. | Smith | 2006-129 | 09-cv-63598 |
| Brister | David | Smith | 2006-115 | 09-cv-63599 |
| Broadhead | Thomas L. | Smith | 2006-70 | 09-cv-63600 |
| Brown | Isaac | Smith | 2006-71 | 09-cv-63291 |
| Brown | James Lavern | Jones | 2006-146-CV3 | 09-cv-63211 |
| Brown | Kenneth M. | Jones | 2006-122-CV3 | 09-cv-63207 |
| Brown | Randy K. | Smith | 2006-175 | 09-cv-63292 |
| Brown | Billy G. | Smith | 2006-207 | 09-cv-63693 |

| | | | | |
|---|---|---|---|---|
| Brown, Individually and as Representative of the Estate of Claude Brown, Jr., Deceased | Estelle Ruth | Smith | 2006-117 | 09-cv-63601 |
| Brown, Jr. | Thomas | Smith | 2006-196 | 09-cv-63567 |
| Bryant | Harmon J. | Jones | 2006-194-CV3 | 09-cv-63204 |
| Buckley | Herbert | Jones | 2006-80-CV3 | 09-cv-63195 |
| Burkhalter | James Donald | Smith | 2006-118 | 09-cv-63568 |
| Burrow | Daniel G. | Smith | 2006-214 | 09-cv-63570 |
| Bustin | Michael | Smith | 2006-105 | 09-cv-63571 |
| Butler | Dale | Jones | 2006-124-CV3 | 09-cv-63189 |
| Byrd | Gary R. | Smith | 2006-65 | 09-cv-63572 |
| Byrd | Randy | Jones | 2006-408-CV11 | 09-cv-63188 |
| Byrd | Rex B. | Jones | 2006-96-CV3 | 09-cv-63190 |
| Campbell | Charles R. | Jefferson | 2006-34 | 09-cv-63573 |
| Campbell | Jon | Jones | 2006-497-CV11 | 09-cv-63146 |
| Campbell | Douglas E. | Jefferson | 2006-15 | 09-cv-63574 |
| Carney | Paul | Jones | 2006-117-CV3 | 09-cv-63144 |
| Carr | Henry S. | Jones | 2006-83-CV3 | 09-cv-63145 |
| Carruth | John Howard | Smith | 2006-119 | 09-cv-63575 |
| Carter | Audley | Smith | 2006-120 | 09-cv-63576 |
| Carter, Individually and as Representative of the Estate of Jessie L. Carter, Deceased | Ollie Mae | Smith | 2006-121 | 09-cv-63694 |
| Cavin | Jerry W. | Jones | 2006-196-CV3 | 09-cv-63139 |

| | | | | |
|---|---|---|---|---|
| Clanan | Tim | Jones | 2006-385-CV11 | 09-cv-63136 |
| Clark | Braxton | Smith | 2006-69 | 09-cv-63577 |
| Clark | Robert W. | Smith | 2006-103 | 09-cv-63579 |
| Clark | Thomas A. | Smith | 2006-208 | 09-cv-63580 |
| Clark | Colin R. | Smith | 2006-97 | 09-cv-63578 |
| Collins | George B. | Jasper | 16-0033 | 09-cv-63278 |
| Collins | Roderick Wayne | Smith | 2006-122 | 09-cv-63279 |
| Conn | Danny | Jones | 2006-184-CV3 | 09-cv-63131 |
| Cooley | Thomas | Smith | 2006-64 | 09-cv-63280 |
| Cooper, Jr. | Henry S. | Jones | 2006-524-CV11 | 09-cv-63134 |
| Cothern | Jerry L. | Smith | 2006-174 | 09-cv-63281 |
| Coulter | Charles L. | Jones | 2006-148-CV3 | 09-cv-63133 |
| Cowart | Robert L. | Jones | 2006-422-CV11 | 09-cv-63137 |
| Crager | Larry | Smith | 2006-142 | 09-cv-63282 |
| Cummings, Inidividually and as Representative of the Estate of John Cummings, Deceased | Henrietta | Jasper | 16-0034 | 09-cv-63283 |
| Cupit | James Edward | Jones | 2006-223-CV3 | 09-cv-63135 |
| Curtis | Wilmer E. | Smith | 2006-191 | 09-cv-63284 |
| Curtis, III | Concie | Jones | 2006-97-CV3 | 09-cv-63138 |
| Daley | David | Jones | 2006-224-CV3 | 09-cv-63173 |
| Darty, Individually and as Representative of the Estate of Charles Edward Darty, Deceased | Teresa | Smith | 2006-155 | 09-cv-63690 |

| Davis | Terry W. | Smith | 2006-107 | 09-cv-63285 |
|-------|----------|-------|----------|-------------|
| Dearman | James | Jasper | 16-0057 | 09-cv-63286 |
| Dearman | Kenneth L. | Smith | 2006-172 | 09-cv-63287 |
| Delk | Garner | Smith | 2006-93 | 09-cv-63288 |
| Doggett | Willie E. | Smith | 2006-123 | 09-cv-63289 |
| Donald | Newt | Smith | 2006-96 | 09-cv-63264 |
| Donald | Willard | Smith | 2006-150 | 09-cv-63265 |
| Donald | James | Smith | 2006-106 | 09-cv-63290 |
| Donaldson | Dale | Jones | 2006-188-CV3 | 09-cv-63172 |
| DuBose | Kenneth A. | Smith | 2006-72 | 09-cv-63266 |
| Dunigan | Darrius P. | Smith | 2006-44 | 09-cv-63267 |
| Dunigan | Jerry L. | Jones | 2006-150-CV3 | 09-cv-63176 |
| Dunn | James Lowrey | Smith | 2006-124 | 09-cv-63268 |
| Dunn | Vandiver | Jones | 2006-527-CV11 | 09-cv-63174 |
| Durr | Helen | Smith | 2006-209 | 09-cv-63686 |
| Dvorak | Eugene F. | Jones | 2006-529-CV11 | 09-cv-63175 |
| Easterling | Ernie L. | Smith | 2006-128 | 09-cv-63269 |
| Echols | Douglas | Jones | 2006-375-CV11 | 09-cv-63154 |
| Ellzey | Rickey | Smith | 2006-74 | 09-cv-63270 |
| Emler, Sr. | Robert W. | Smith | 2006-125 | 09-cv-63271 |
| Eubanks | John | Smith | 2006-151 | 09-cv-63272 |
| Evans | Donnie E. | Jones | 2006-203-CV3 | 09-cv-63155 |

| | | | | |
|---|---|---|---|---|
| Evans | Bennie Jake | Jones | 2006-151-CV3 | 09-cv-63156 |
| Evans, Jr. | Joseph C. | Jefferson | 2006-16 | 09-cv-63273 |
| Ezell, Individually and as Representative of the Estate of Elbert C. Ezell, Deceased | Shirley A. | Jones | 2006-152-CV3 | 09-cv-63017 |
| Fairchild | Kenneth | Jones | 2006-98-CV3 | 09-cv-63160 |
| Fairley | Bill | Jones | 2006-153-CV3 | 09-cv-63159 |
| Farmer | Lee | Smith | 2006-85 | 09-cv-63274 |
| Fedrick, Sr. | Charles | Smith | 2006-43 | 09-cv-63275 |
| Floyd | Kendall | Jasper | 16-0036 | 09-cv-63277 |
| Floyd | Turner | Jones | 2006-88-CV3 | 09-cv-63161 |
| Ford, Jr. | Ernest | Jefferson | 2006-25 | 09-cv-63253 |
| Fountain | Miles D. | Jones | 2006-116-CV3 | 09-cv-63163 |
| Fountain Sr. | Michael V. | Jones | 2006-154-CV3 | 09-cv-63162 |
| Foxworth | Sidney R. | Jasper | 16-0037 | 09-cv-63252 |
| Freeman | Larry M. | Jasper | 16-0017 | 09-cv-63251 |
| Gardner | Charles | Jones | 2006-99-CV3 | 09-cv-63050 |
| Gardner | Ralph | Jones | 2006-533-CV11 | 09-cv-63040 |
| Gardner | Robert Wayne | Jasper | 16-0038 | 09-cv-63250 |
| Garner, Individually and as Representative of the Estate of Hubert Garner, Deceased | James R. | Jones | 2006-235-CV3 | 09-cv-63008 |
| Gatlin | Richard G. | Smith | 2006-126 | 09-cv-63249 |
| Gibson | Bobby L. | Jones | 2006-387-CV11 | 09-cv-63049 |
| Gilmore | Authur | Jones | 2006-155-CV3 | 09-cv-63048 |

| | | | | |
|---|---|---|---|---|
| Goldman | Grover Audell | Jones | 2006-157-CV3 | 09-cv-63046 |
| Goldman, Individually and as Representative of the Estate of William Clarence Goldman, Deceased | Patricia | Smith | 2006-161 | 09-cv-63687 |
| Goode | Stanley L. | Smith | 2006-178 | 09-cv-63248 |
| Graham | Kenneth | Jones | 2006-114-CV3 | 09-cv-63045 |
| Grantham | David | Jones | 2006-115-CV3 | 09-cv-63044 |
| Graves | Ted Justin | Jones | 2006-159-CV3 | 09-cv-63043 |
| Green | Billy R. | Smith | 2006-49 | 09-cv-63247 |
| Green | Gregory | Smith | 2006-198 | 09-cv-63246 |
| Green | Robert E. | Jasper | 16-0039 | 09-cv-63245 |
| Greene | Stephen C. | Jasper | 16-0040 | 09-cv-63244 |
| Gregory | Paul | Smith | 2006-177 | 09-cv-63243 |
| Hall | Ansler Dale | Jones | 2006-192-CV3 | 09-cv-63069 |
| Hall | Quincy L. | Smith | 2006-165 | 09-cv-63242 |
| Hargon | James | Jasper | 16-0059 | 09-cv-63241 |
| Harris | James E. | Jones | 2006-376-CV11 | 09-cv-63067 |
| Harris | Ricky Wayne | Jones | 2006-161-CV3 | 09-cv-63066 |
| Harris | Willie James | Smith | 2006-197 | 09-cv-63239 |
| Harris | Curtis | Smith | 2006-159 | 09-cv-63240 |
| Harvey | Thad | Jones | 2006-534-CV11 | 09-cv-63064 |
| Hayles | Jerry W. | Jefferson | 2006-26 | 09-cv-63233 |
| Haynes | Isaac | Jones | 2006-84-CV3 | 09-cv-63063 |

| Heathcock | Cecil | Smith | 2006-102 | 09-cv-63232 |
|---|---|---|---|---|
| Heathcock | Nolan | Smith | 2006-199 | 09-cv-63688 |
| Heidel | John | Jones | 2006-160-CV3 | 09-cv-63061 |
| Henderson | George | Jasper | 16-0041 | 09-cv-63231 |
| Herrington | Don F. | Smith | 2006-189 | 09-cv-63230 |
| Herrington | James V. | Smith | 2006-94 | 09-cv-63229 |
| Herrington | Tony | Smith | 2006-176 | 09-cv-63228 |
| Higginbotham | Katie | Jones | 2006-113-CV3 | 09-cv-63062 |
| Hitson | Thurman R. | Smith | 2006-127 | 09-cv-63263 |
| Hodge | W.C. | Smith | 2006-160 | 09-cv-63262 |
| Holifield | Charles Edward | Jones | 2006-163-CV3 | 09-cv-63059 |
| Hollingshead | James | Jasper | 16-0042 | 09-cv-63261 |
| Hollingsworth | Billy R. | Smith | 2006-170 | 09-cv-63260 |
| Hollingsworth | Melvin | Smith | 2006-213 | 09-cv-63259 |
| Hollomon | George H. | Smith | 2006-59 | 09-cv-63258 |
| Holloway | William L. | Jones | 2006-162-CV3 | 09-cv-63058 |
| Holmes | Donald W. | Jones | 2006-537-CV11 | 09-cv-63057 |
| Hoover | Charles | Smith | 2006-171 | 09-cv-63257 |
| Howse | Malcolm Paul | Jones | 2006-538-CV11 | 09-cv-63056 |
| Huff | Douglas | Smith | 2006-95 | 09-cv-63256 |
| Hunt | Randy R. | Jones | 2006-539-CV11 | 09-cv-63053 |
| Hutto | Ernest Wayne | Jones | 2006-411-CV11 | 09-cv-63052 |

| | | | | |
|---|---|---|---|---|
| Hutto | Thomas E. | Smith | 2006-73 | 09-cv-63255 |
| Hutto | Thomas Larry | Smith | 2006-60 | 09-cv-63254 |
| Jackson | Larry E. | Smith | 2006-210 | 09-cv-63224 |
| Jackson | Leroy | Jasper | 16-0043 | 09-cv-63225 |
| Jefcoat | Jackson P. | Smith | 2006-101 | 09-cv-63226 |
| Jernigan | Jimmy D. | Jasper | 16-0062 | 09-cv-63227 |
| Johnson | Dan Wilson | Smith | 2006-111 | 09-cv-63238 |
| Johnson | Paul Bedford | Jones | 2006-540-CV11 | 09-cv-63180 |
| Johnson, Jr. | Roland | Smith | 2006-166 | 09-cv-63237 |
| Jones | James B. | Jasper | 16-0045 | 09-cv-63235 |
| Jones | Anthony E. | Smith | 2006-112 | 09-cv-63236 |
| Jordan | James | Jasper | 16-0025 | 09-cv-63234 |
| Jordan | Robert E. | Jones | 2006-425-CV11 | 09-cv-63182 |
| Jordan | Michael H. | Jasper | 16-0046 | 09-cv-63602 |
| Keyes | John E. | Smith | 2006-157 | 09-cv-63603 |
| Keyes | Joe | Jones | 2006-165-CV3 | 09-cv-63202 |
| Kirk | Jerry | Smith | 2006-86 | 09-cv-63604 |
| Kirkendall, Sr. | Kenneth | Smith | 2006-100 | 09-cv-63605 |
| Kirkley | Dewayne | Smith | 2006-216 | 09-cv-63606 |
| Kittrell | Plummer | Jones | 2006-498-CV11 | 09-cv-63179 |
| Knight | Billy Ray | Smith | 2006-173 | 09-cv-63607 |
| Knotts, Sr. | Tommy J. | Jones | 2006-104-CV3 | 09-cv-63200 |

| Lambert | Howard | Smith | 2006-67 | 09-cv-63689 |
|---|---|---|---|---|
| Lambert | Ralph W. | Jefferson | 2006-19 | 09-cv-63608 |
| Landrum | Henry E. | Smith | 2006-217 | 09-cv-63609 |
| Langley | Willis F. | Jones | 2006-168-CV3 | 09-cv-63165 |
| Lee | Michael R. | Jones | 2006-400-CV11 | 09-cv-63166 |
| Leggett | Edward J. | Smith | 2006-92 | 09-cv-63610 |
| Leggett | Kenneth D. | Jones | 2006-167-CV3 | 09-cv-63167 |
| Leonard, Jr. | Colon R. | Jones | 2006-211-CV3 | 09-cv-63168 |
| Lewis, Sr. | William | Jasper | 16-0060 | 09-cv-63611 |
| Lindsey, Individually and as Representative of the Estate of Curtis William Lindsey, Deceased | Vanessa | Jasper | 16-0047 | 09-cv-63691 |
| Lines | David W. | Jones | 2006-545-CV11 | 09-cv-63169 |
| Lofton | Robert Junior | Jones | 2006-166-CV3 | 09-cv-63170 |
| Magee | James G. | Jones | 2006-547-CV11 | 09-cv-63089 |
| Maples | Bobby F. | Jefferson | 2006-35 | 09-cv-63613 |
| Mashburn, Jr. | William W. | Smith | 2006-116 | 09-cv-63614 |
| Mason | Keith | Jones | 2006-191-CV3 | 09-cv-63088 |
| McAllister | Ecclus | Jones | 2006-551-CV11 | 09-cv-63085 |
| McCaffrey | Lucious | Smith | 2006-131 | 09-cv-63615 |
| McCaffrey | Roger W. | Smith | 2006-200 | 09-cv-63616 |
| McCarty | Daniel | Smith | 2006-42 | 09-cv-63617 |
| McDonald | Alfred | Smith | 2006-201 | 09-cv-63618 |

| McDonald | Ben F. | Jones | 2006-172-CV3 | 09-cv-63084 |
|---|---|---|---|---|
| McFarland | John W. | Jones | 2006-136-CV3 | 09-cv-63083 |
| McGee | Charles | Smith | 2006-218 | 09-cv-63619 |
| McGill | Ronnie | Jones | 2006-209-CV3 | 09-cv-63081 |
| McGraw | William R. | Jefferson | 2006-22 | 09-cv-63620 |
| McKenzie | Thomas A. | Jones | 2006-427-CV11 | 09-cv-63080 |
| McKinney | Delton Alford | Jefferson | 2006-17 | 09-cv-63621 |
| McLain | Charles Irvin | Smith | 2006-89 | 09-cv-63622 |
| McLain | Clifford | Jones | 2006-553-CV11 | 09-cv-63079 |
| McLain | Jake W. | Jones | 2006-125-CV3 | 09-cv-63109 |
| McLain | Robert D. | Jones | 2006-171-CV3 | 09-cv-63078 |
| McManus | James Ray | Jefferson | 2006-20 | 09-cv-63623 |
| Miller | Loranzie | Jones | 2006-428-CV11 | 09-cv-63077 |
| Miller | Michael D. | Jones | 2006-554-CV11 | 09-cv-63076 |
| Mills | Bobby R. | Jones | 2006-170-CV3 | 09-cv-63075 |
| Mills | Owen L. | Smith | 2006-149 | 09-cv-63624 |
| Moak | Glen | Smith | 2006-183 | 09-cv-63625 |
| Moore | William Leon | Smith | 2006-87 | 09-cv-63626 |
| Moore | Willie E. | Jones | 2006-190-CV3 | 09-cv-63072 |
| Morgan | Otis L. | Jasper | 16-0048 | 09-cv-63627 |
| Morris | Robert E. | Jones | 2006-110-CV3 | 09-cv-63110 |
| Mosley, Individually and as Representative of Lee George Mosley, Deceased | Neena | Smith | 2006-90 | 09-cv-63692 |

| | | | | |
|---|---|---|---|---|
| Mullins | Hugh W. | Jones | 2006-556-CV11 | 09-cv-63070 |
| Nations | Jimmy L. | Jones | 2006-558-CV11 | 09-cv-63183 |
| Neely, Sr. | Michael K. | Smith | 2006-169 | 09-cv-63629 |
| Nelson | James | Jones | 2006-133-CV3 | 09-cv-63184 |
| Newell | Isaac | Jones | 2006-560-CV11 | 09-cv-63185 |
| Nichols | Billy D. | Smith | 2006-188 | 09-cv-63630 |
| Nickey | Cecil J. | Jones | 2006-173-CV3 | 09-cv-63186 |
| Nugent | Shelby | Claiborne | 2006-34 | 09-cv-63631 |
| Odom | Gary L. | Jones | 2006-378-CV11 | 09-cv-63187 |
| Oliver | Rickey L. | Smith | 2006-180 | 09-cv-63632 |
| Pacey | Gene W. | Smith | 2006-211 | 09-cv-63633 |
| Palmer | Joe L. | Jones | 2006-561-CV11 | 09-cv-63149 |
| Palmer | Morgan T. | Jones | 2006-200-CV3 | 09-cv-63148 |
| Parker | Jeffrey B. | Smith | 2006-181 | 09-cv-63634 |
| Parnell | Phillip Lynn | Jasper | 16-0015 | 09-cv-63635 |
| Peak | William H. | Jones | 2006-430-CV11 | 09-cv-63100 |
| Perkins | Clifton A. | Smith | 2006-148 | 09-cv-63636 |
| Phillips | Frazier M. | Jones | 2006-121-CV3 | 09-cv-63099 |
| Pittman | Alfred J. | Smith | 2006-61 | 09-cv-63637 |
| Pitts | Michael C. | Smith | 2006-47 | 09-cv-63638 |
| Pitts | Luther | Jones | 2006-176-CV3 | 09-cv-63098 |
| Pitts | Sam | Smith | 2006-141 | 09-cv-63639 |

| | | | | |
|---|---|---|---|---|
| Pitts | Vandol Wayne "V.W." | Jasper | 16-0049 | 09-cv-63640 |
| Pitts, Individually and as Representative of the Estate of Homer Earl Pitts, Deceased | Patricia Gayle | Jones | 2006-174-CV3 | 09-cv-63009 |
| Plumer | Ernest | Jones | 2006-449-CV11 | 09-cv-63097 |
| Porter | Carl O. | Jasper | 16-0050 | 09-cv-63641 |
| Powell | Herbert K. | Jones | 2006-108-CV3 | 09-cv-63096 |
| Powell | William Hinton | Jones | 2006-177-CV3 | 09-cv-63095 |
| Presley, Individually and as Representative of the Estate of William Pressley, Deceased | Alice | Jones | 2006-501-CV11 | 09-cv-63006 |
| Preston | Albert | Jones | 2006-416-CV11 | 09-cv-63093 |
| Price | Gary L. | Jefferson | 2006-21 | 09-cv-63642 |
| Price | George R. | Jones | 2006-502-CV11 | 09-cv-63092 |
| Price | Mark | Jones | 2006-562-CV11 | 09-cv-63091 |
| Prine | Charlie W. | Smith | 2006-40 | 09-cv-63696 |
| Quick | Billy | Jones | 2006-403-CV11 | 09-cv-63201 |
| Ratliff | Jason C. | Jones | 2006-563-CV11 | 09-cv-63108 |
| Reed | William Steve | Jefferson | 2006-29 | 09-cv-63643 |
| Reid | James D. | Jones | 2006-179-CV3 | 09-cv-63106 |
| Rigney, Jr. | Charles L. | Smith | 2006-45 | 09-cv-63645 |
| Robbins | Pearl Lavern | Jones | 2006-418-CV11 | 09-cv-63105 |
| Robbins, Sr. | Donald | Smith | 2006-185 | 09-cv-63646 |
| Roberts | Johnny W. | Jasper | 16-0051 | 09-cv-63648 |

| | | | | |
|---|---|---|---|---|
| Rodgers | Julius E. | Jefferson | 2006-27 | 09-cv-63649 |
| Rollins | David Clinton | Jasper | 16-0024 | 09-cv-63650 |
| Rollins | Tommy | Jones | 2006-565-CV11 | 09-cv-63103 |
| Runnels | Carl A. | Jones | 2006-482-CV11 | 09-cv-63102 |
| Russell | James Lowery | Jones | 2006-112-CV3 | 09-cv-63151 |
| Russell | Larry | Jones | 2006-199-CV3 | 09-cv-63150 |
| Russell | William H. | Smith | 2006-140 | 09-cv-63651 |
| Russell | David P. | Jones | 2006-178-CV3 | 09-cv-63152 |
| Rutland | Billy Joe | Smith | 2006-139 | 09-cv-63652 |
| Sanders | Charles David | Jones | 2006-567-CV11 | 09-cv-63039 |
| Saul | J.M. | Jones | 2006-181-CV3 | 09-cv-63037 |
| Saul, Jr. | Tom M. | Jones | 2006-120-CV3 | 09-cv-63036 |
| Sauls, Individually and as Representative of the Estate of Kenneth L. Sauls, Deceased | Betty | Jones | 2006-419-CV11 | 09-cv-63004 |
| Scarbrough | Arthur L. | Jasper | 16-0065 | 09-cv-63653 |
| Short | Jesse James | Jones | 2006-225-CV3 | 09-cv-63035 |
| Simmons | Thomas E. | Jones | 2006-405-CV11 | 09-cv-63034 |
| Sims | Charles R. | Jones | 2006-89-CV3 | 09-cv-63033 |
| Sims | Gary B. | Jefferson | 2006-30 | 09-cv-63654 |
| Sims, Sr. | John W. | Jasper | 16-0052 | 09-cv-63655 |
| Smith | Charles | Jones | 2006-389-CV11 | 09-cv-63032 |
| Smith | Ervin | Smith | 2006-219 | 09-cv-63656 |

| Smith | Willis T. | Smith | 2006-80 | 09-cv-63659 |
|---|---|---|---|---|
| Smith | Charles R. | Jones | 2006-231-CV3 | 09-cv-63030 |
| Smith | Elmer H. | Smith | 2006-66 | 09-cv-63697 |
| Smith | Kelcie Dale | Jones | 2006-138-CV3 | 09-cv-63029 |
| Smith | Vince Edward | Jasper | 16-0023 | 09-cv-63658 |
| Smith, Jr. | Joe | Jones | 2006-379-CV11 | 09-cv-63028 |
| Smith, Sr. | Darrell D. | Jones | 2006-210-CV3 | 09-cv-63027 |
| Speights | James C. | Smith | 2006-168 | 09-cv-63660 |
| Spence | George Ross | Jones | 2006-406-CV11 | 09-cv-63026 |
| Spiars | Bobby | Smith | 2006-215 | 09-cv-63661 |
| Spiers | Joseph | Jones | 2006-505-CV11 | 09-cv-63025 |
| Spradley | Joseph | Jones | 2006-119-CV3 | 09-cv-63024 |
| Spradley | Stephen V. | Jasper | 16-0016 | 09-cv-63662 |
| Stampley | Charlie A. | Jefferson | 2006-32 | 09-cv-63663 |
| Stanley | David Foster | Jefferson | 2006-33 | 09-cv-63664 |
| Stewart, Individually and as Representative of the Estate of Floyd L. Nettles, Deceased | Frances | Jones | 2006-559-CV11 | 09-cv-63015 |
| Stinson | Walter E. | Jones | 2006-396-CV11 | 09-cv-63021 |
| Street | William J. | Smith | 2006-62 | 09-cv-63665 |
| Strickland | Melton L. | Smith | 2006-138 | 09-cv-63666 |
| Sullivan | Corbit | Jones | 2006-198-CV3 | 09-cv-63020 |
| Sykes | Dodd Mitchell | Jones | 2006-180-CV3 | 09-cv-63019 |

| Tageant | Louis | Jefferson | 2006-09 | 09-cv-63667 |
|---|---|---|---|---|
| Tanner | Daryl Ray | Jones | 2006-506-CV11 | 09-cv-63116 |
| Tanner, Jr. | Edward | Smith | 2006-195 | 09-cv-63668 |
| Tatum | William A. | Jones | 2006-380-CV11 | 09-cv-63117 |
| Taylor, Individually and as Representative of the Estate of Clarence Kelly, Sr., Deceased | Lisa | Jones | 2006-543-CV11 | 09-cv-63014 |
| Teachey | Jerry L. | Jones | 2006-571-CV11 | 09-cv-63115 |
| Terrell | Leroy | Jones | 2006-572-CV11 | 09-cv-63114 |
| Thompson | Joe R. | Jones | 2006-489-CV11 | 09-cv-63113 |
| Thompson, Individually and as Representative of the Estate of Marvin Thompson, Deceased | Dimple I. | Jones | 2006-381-CV11 | 09-cv-63003 |
| Toney | Lester Leroy | Jones | 2006-577-CV11 | 09-cv-63112 |
| Townsend | Larry W. | Smith | 2006-130 | 09-cv-63670 |
| Tucker | William Clyde | Smith | 2006-79 | 09-cv-63671 |
| Turner | James M. | Jones | 2006-197-CV3 | 09-cv-63111 |
| Upshaw | Dewey Wayne | Smith | 2006-99 | 09-cv-63672 |
| Upshaw | Jerry | Smith | 2006-98 | 09-cv-63673 |
| Upton | Joel P. | Jones | 2006-578-CV11 | 09-cv-63199 |
| Wade | Robert Earl | Smith | 2006-110 | 09-cv-63674 |
| Wagley | Billy J. | Smith | 2006-109 | 09-cv-63675 |
| Wallace | James C. | Jones | 2006-86-CV3 | 09-cv-63129 |
| Waller | Pauline | Jones | 2006-397-CV11 | 09-cv-63128 |

| | | | | |
|---|---|---|---|---|
| Walley | James R. | Jones | 2006-91-CV3 | 09-cv-63126 |
| Ward, Jr. | Henry | Jones | 2006-382-CV11 | 09-cv-63127 |
| Watts | James E. | Jones | 2006-508-CV11 | 09-cv-63123 |
| Weeks | Johnny R. | Jasper | 16-0055 | 09-cv-63676 |
| Weir, Jr. | Freddie | Smith | 2006-220 | 09-cv-63677 |
| Wells, Sr. | Bobby G. | Smith | 2006-137 | 09-cv-63678 |
| West | Charlie E. | Jasper | 16-0053 | 09-cv-63679 |
| West | Dalton L. | Smith | 2006-41 | 09-cv-63680 |
| West | Phillip | Jones | 2006-383-CV11 | 09-cv-63122 |
| West | Thomas E. | Jasper | 16-0054 | 09-cv-63681 |
| Westerfield | Earl | Jasper | 16-0022 | 09-cv-63682 |
| White | Larry James | Smith | 2006-108 | 09-cv-63683 |
| White | Randy J. | Jones | 2006-390-CV11 | 09-cv-63121 |
| White, Jr. | J.B. | Jones | 2006-92-CV3 | 09-cv-63120 |
| White, Sr. | James E. | Smith | 2006-136 | 09-cv-69684 |
| Wilkinson | Reba N. | Smith | 2006-158 | 09-cv-69685 |
| Williams | David Griffin | Jones | 2006-579-CV11 | 09-cv-63119 |
| Williams | Mathyngale "Buck" | Jones | 2006-26-CV3 | 09-cv-63118 |
| Wise | Peter | Smith | 2006-82 | 09-cv-63698 |
| Yelverton, Jr. | John D. | Jones | 2006-93-CV3 | 09-cv-63197 |

Exhibit "B"

| Last Name | First Name | Mississippi District Court County | Mississippi State District Court Cause No. | Pennsylvania Civil Action No. |
|-----------|-----------|-----------------------------------|--------------------------------------------|-------------------------------|
| Adcock | David | Jones | 2007-102-CV9 | 09-cv-63216 |
| Ard | Robert E. | Jones | 2007-104-CV9 | 09-cv-63219 |
| Atwood | Gene B. | Jones | 2007-105-CV9 | 09-cv-63221 |
| Aultman, Sr. | Mozell | Jones | 2007-106-CV9 | 09-cv-63222 |
| Bacon | Edward | Jones | 2007-110-CV9 | 09-cv-63223 |
| Beard | William M. | Jones | 2007-115-CV9 | 09-cv-63208 |
| Bevis | Jimmie L. | Jones | 2007-116-CV9 | 09-cv-63193 |
| Boleware | David | Jones | 2007-117-CV9 | 09-cv-63192 |
| Boykin | C.N. | Jefferson | 2007-101 | 09-cv-63594 |
| Brent | Fred | Jefferson | 2007-98 | 09-cv-63597 |
| Brownell | William E. | Jones | 2007-119-CV9 | 09-cv-63011 |
| Burrell | Vernon | Smith | 2007-259 | 09-cv-63569 |
| Chapman | Alford B. | Jones | 2007-125-CV9 | 09-cv-63141 |
| Chipmon | David | Jones | 2007-126-CV9 | 09-cv-63140 |
| Collins | Herman | Jones | 2007-129-CV9 | 09-cv-63143 |
| Collins | Larry | Jones | 2007-130-CV9 | 09-cv-63130 |
| Cook | Charles T. | Jones | 2007-131-CV9 | 09-cv-63132 |
| Davis, Individually and as Representative of the Estate of Don M. Davis, Deceased | Stephanie | Jones | 2007-136-CV9 | 09-cv-63016 |

| | | | | |
|---|---|---|---|---|
| Easterling | Sherman | Jones | 2007-140-CV9 | 09-cv-63153 |
| Echols | Charles | Jones | 2007-141-CV9 | 09-cv-63157 |
| Evans | Jacob | Jones | 2007-142-CV9 | 09-cv-63158 |
| Feduccia | Joe | Jones | 2007-144-CV9 | 09-cv-63276 |
| Butler, Individually and as Representative of the Estate of Bennie Floyd, Deceased | Krysten Lambert | Jones | 2007-145-CV9 | 09-cv-63018 |
| Foster | Leonard W. | Jones | 2007-146-CV9 | 09-cv-63164 |
| Gaines, Jr. | Eddie Lee | Jones | 2007-147-CV9 | 09-cv-63051 |
| Glass | Melvin R. | Jones | 2007-149-CV9 | 09-cv-63047 |
| Gregory | Rudolph | Jones | 2007-151-CV9 | 09-cv-63042 |
| Gunter | Jerrell J. | Jones | 2007-152-CV9 | 09-cv-63041 |
| Hamrick, Sr. | Charles | Jones | 2007-155-CV9 | 09-cv-63068 |
| Harrison | Ex Earl | Jones | 2007-157-CV9 | 09-cv-63065 |
| Hodges | Richard | Jones | 2007-161-CV9 | 09-cv-63060 |
| Howard | Johnny | Jones | 2007-162-CV9 | 09-cv-63055 |
| Hudson, III | Ompy L. | Jones | 2007-163-CV9 | 09-cv-63054 |
| Ingle, Individually and as Representative of the Estate of W.C. Ingle, Deceased | Audrey Nell | Jefferson | 2007-100 | 09-cv-63695 |
| Richardson, Individually and as Representative of the Estate of Troyce Johnson, Deceased | Judith | Jones | 2007-165-CV9 | 09-cv-63005 |
| Jordan | Johnny | Jones | 2007-166-CV9 | 09-cv-63181 |

| | | | | |
|---|---|---|---|---|
| Kennedy | Ross A. | Jones | 2007-167-CV9 | 09-cv-63177 |
| Kerben, Jr. | Sidney L. | Jones | 2007-168-CV9 | 09-cv-63178 |
| Lofton | Robert | Jasper | 17-0065 | 09-cv-63612 |
| Madison | Winston | Jones | 2007-171-CV9 | 09-cv-63090 |
| Mahaffey, Jr. | Alton J. | Jones | 2007-172-CV9 | 09-cv-63087 |
| Mayhugh, Jr. | Kenneth | Jones | 2007-175-CV9 | 09-cv-63086 |
| McFarland | Mark | Jones | 2007-177-CV9 | 09-cv-63082 |
| McNair, Individually and as Representative of the Estate of L.B. McNair, Deceased | Betty | Jones | 2007-178-CV9 | 09-cv-63010 |
| Mire, Sr. | Bobby W. | Jones | 2007-179-CV9 | 09-cv-63074 |
| Moak | Dennis G. | Jones | 2007-180-CV9 | 09-cv-63073 |
| Motley | Vincent | Jones | 2007-184-CV9 | 09-cv-63071 |
| Murray, Sr. | Bobby | Claiborne | 2007-165 | 09-cv-63628 |
| Patton | J.E. | Jones | 2007-188-CV9 | 09-cv-63147 |
| Pevey, Individually and as Representative of the Estate of James E. Pevey, Deceased | Chrystelle | Jones | 2007-189-CV9 | 09-cv-63007 |
| Prather | Daniel L. | Jones | 2007-192-CV9 | 09-cv-63094 |
| Ramage | Jackie D. | Jones | 2007-197-CV9 | 09-cv-63107 |
| Revette, Jr. | Harvey Richard | Smith | 2007-260 | 09-cv-63644 |
| Roberts | Jimmy | Jasper | 17-0064 | 09-cv-63647 |
| Rollins | Larry Jessie | Jones | 2007-200-CV9 | 09-cv-63104 |

| Rushing | Mitchell R. | Jones | 2007-201-CV9 | 09-cv-63101 |
| Sasser, Jr. | Aaron | Jones | 2007-203-CV9 | 09-cv-63038 |
| Smith | Charles C. | Jones | 2007-205-CV9 | 09-cv-63031 |
| Smith | Mark | Jefferson | 2007-104 | 09-cv-63657 |
| Stephens | Joe | Jones | 2007-209-CV9 | 09-cv-63023 |
| Stewart | Timothy L. | Jones | 2007-210-CV9 | 09-cv-63022 |
| Thornton | Harold D. | Jefferson | 2007-103 | 09-cv-63669 |
| Usry | Kenneth | Jones | 2007-217-CV9 | 09-cv-63198 |
| Warnock | Jerry L. | Jones | 2007-219-CV9 | 09-cv-63125 |
| Watkins | Ted | Jones | 2007-220-CV9 | 09-cv-63124 |

| Last Name | First Name | Mississippi District Court County | Mississippi State District Court Cause No. | Pennsylvania Civil Action No. |
|---|---|---|---|---|
| Brady | Clinton L. | Jones | 2006-407-CV11 | 5:08-cv-87071-ER |
| Broom | Harvey E. | Jones | 2006-519-CV11 | 5:08-cv-87069-ER |
| Bullock | Deloice | Jones | 2006-520-CV11 | 5:08-cv-87072-ER |
| Crawford | Joseph | Jones | 2006-394-CV11 | 5:08-cv-87080-ER |
| Curd | Patrick | Jones | 2006-525-CV11 | 5:08-cv-87083-ER |
| Daniels | Willie Lee | Jones | 2006-409-CV11 | 5:08-cv-87068-ER |
| Daughdrill | Dan Mack | Jones | 2006-526-CV11 | 5:08-cv-87081-ER |
| Dearman | Rolland | Jones | 2006-410-CV11 | 5:08-cv-87070-ER |
| Dixon | George D. | Jones | 2006-374-CV11 | 5:08-cv-87077-ER |
| Emler | Louie T. | Jones | 2006-464-CV11 | 5:08-cv-87084-ER |
| Faust | Johnny W. | Jones | 2006-90-CV3 | 5:08-cv-85894-ER |
| Herring (deceased) | Henry A. | Jones | 2006-468-CV11 | 5:08-cv-87079-ER |
| Livingston | Daniel | Jones | 2006-94-CV3 | 5:08-cv-85987-ER |
| Lord, Sr. | Archie A. | Smith | 16-0056 | 5:08-cv-87030-ER |
| McPhail | Ralph T. | Jones | 2006-345-CV9 | 5:08-cv-87048-ER |
| Mounteer, Sr. | Eliel K. | Jones | 2006-555-CV11 | 5:08-cv-87073-ER |
| Newsom | Joseph | Jones | 16-0018 | 5:08-cv-87076-ER |
| Newsom | Lonnie | Jones | 2006-414-CV11 | 5:08-cv-87031-ER |
| Piner | Ted L. | Jones | 2006-415-CV11 | 5:08-cv-87078-ER |
| Polk | Brandon Kaye | Jones | 2006-206-CV3 | 5:08-cv-85986-ER |
| Polk | Dale F. | Jones | 2006-85-CV3 | 5:08-cv-85985-ER |
| Rawls | Ray C. | Jones | 2006-417-CV11 | 5:08-cv-87075-ER |
| Smith (deceased) | Cleophus | Jones | 2006-75 | 5:08-cv-87032-ER |
| Thomas | Tony N. | Jones | 2006-573-CV11 | 5:08-cv-87082-ER |
| Wallace | Terry | Jones | 2006-491-CV11 | 5:08-cv-87074-ER |